```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/24/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
MASATERU KAMEOKA and NAMIKO YAMADA,

                    Plaintiff,

- against -

TOKYO RESTAURANTS FACTORY, INC., et al.,

                    Defendants.
-------------------------------------------------------------X

22-CV-6427 (RWL)

**ORDER APPROVING SETTLEMENT AND DISMISSING CASE**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

      This case is an action for damages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law ("NYLL"). Before the Court is the parties' joint letter request that the Court approve their settlement agreement of the Plaintiffs' FLSA claims, a fully executed copy of which was submitted on February 24, 2023 (the "Settlement Agreement"). The parties have separately filed a confidential settlement agreement concerning the Plaintiffs' NYLL claim. The parties came to agreement after two days of court-annexed mediation with a neutral third party.

      A federal court is obligated to determine whether settlement of an FLSA case under the court's consideration is fair and reasonable and the subject of an arm's length negotiation, not an employer's overreaching. *See Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015). The Court has carefully reviewed the Settlement Agreement, the parties' separate agreement settling the NYLL claims, and the parties' letter. The Court has taken into account, without limitation, prior proceedings in this action; the attendant risks, burdens, and costs associated with continuing the action; the range of

possible recovery; whether the Settlement Agreement is the product of arm's length bargaining between experienced counsel or parties; the amount of attorney's fees; and the possibility of fraud or collusion. Among other attributes of the Settlement Agreement, there are no confidentiality restrictions; no non-disparagement provisions; the release is narrowly tailored to wage and hour claims; and the attorneys' fees are within a fair, reasonable, and acceptable range. Considering all the circumstances, the Court finds that the Settlement Agreement is fair and reasonable and hereby approved.

This case, having resolved by settlement, is hereby dismissed and discontinued in its entirety, with prejudice, without costs or fees to any party, except as provided for in the parties' settlement agreement. The Clerk of Court is respectfully requested to terminate all motions and deadlines, and close this case.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: February 24, 2023
       New York, New York

Copies transmitted to all counsel of record.